Hon. Basil A. Paterson Secretary of State
You have asked whether a "Police Organization" is required to register as a charitable organization under Article 7-A of the Executive Law. Specifically, you ask about police groups that organize for the purpose of aiding their members through lobbying or serving as bargaining units in labor negotiations but which also use professional fund raisers to appeal to the public for funds.
Article 7-A of the Executive Law was originally enacted in 1954 as section 482 of the Social Services Law. The purpose of the law was "* * * to regulate * * * the operation of organizations which are now engaged, or purport to engage, in charitable activities and which violate the law by failing to register or by engaging in what is tantamount to fraudulent solicitation. "(Matter of Green v Javits, 1 A.D.2d 342, 343
[1st Dept, 1956]).
The transfer of enforcement authority over the regulation of charitable organizations from the Department of Social Welfare to the Department of State was for administrative efficiency (L 1977, ch 669, § 1), and did not alter the purposes of the original law (id., § 6).
Article 7-A defines a charitable organization as "[a]ny benevolent, philanthropic, patriotic or eleemosynary person or one purporting to be such" (§ 171 [1]). "Person" includes individuals, organizations, associations, and corporations (§ 171 [3]). "Benevolent" describes an act intended to benefit others rather than for gain or profit for oneself. (Matter of the Transfer Tax upon the Estate of Benjamin Altman,87 Misc. 255, 263, [Sur Ct, N Y County, 1914].)
Key to determining whether an organization comes within this definition is an examination of the purposes for which it was formed and the representations that are made in soliciting funds from the public. If a police organization's statement of purpose in its articles of incorporation includes enlisting the aid of the public in securing better administration of justice and enforcement of the law, the organization is purporting to benefit the public in addition to serving its members' interests. If the organization in its solicitations appeals to the public's desire to be secure in their homes and on the streets and to their devotion to the American way of life, the organization is purporting to benefit the public. In short, if an organization appeals to the public on the ground that contributions will benefit the public, the organization is holding itself out to be an organization with a benevolent purpose and thus is a charitable organization as defined in Article 7-A.
As the quotation from Matter of Green, supra, shows, Article 7-A is designed to protect the public. Once an organization, whatever its primary purpose may be, decides to use professional fund raisers to raise funds from the public, one who is solicited is entitled to infer that the organization is engaged in work for the benefit of the contributing public unless the solicitor makes it clear that contributions are solely for the benefit of the organization and its members.
The significance of professional money raising in the context of protecting the public is demonstrated by some of the exemptions from the Article 7-A registration requirement. Organizations that solicit contributions only from their membership are exempt (§ 172-a [2][b]). Persons soliciting contributions for the relief of a named individual need not register "if all the contributions collected, without any deductions whatsoever, are turned over to the named beneficiary" (id., par [c]). Even an organization that raises funds for public benefit only by persons who are not paid for their services must register if the total gross receipts from contributions exceed $10,000 in a fiscal year (id., par [d]).
We do not assert that every organization raising funds by use of professional fund raisers thereby becomes a charitable organization. We do say that an organization not charitable in the traditional sense of charity becomes a charitable organization as defined in Article 7-A when it appeals to the public for funds with claims that it is an organization that benefits the public and not just its own membership. We note that not long after the predecessor of Article 7-A was enacted, we said that the New York State Sheriffs' Association, Inc., was not a charitable organization (1956 Op Atty Gen 214). We accept that opinion under the facts as set forth in it. We believe, however, that a not-for-profit corporation with a certificate of incorporation that appears to limit its activities to furthering the interest of its members is not insulated from the registration requirement of Article 7-A when it appeals to the public for contributions on the ground that its work is for the benefit of the public and not just for the benefit of its membership.
We conclude that registration is required of police organizations that can be classified as "benevolent, philanthropic, patriotic or eleemosynary" based on the organization's stated purposes or activities and its use of professional fund raisers.